# THE ATTORNEY GENERAL
## OF TEXAS
Gerald C. Mann                    AUSTIN 11, TEXAS
~~JOHN BEN SHEPPERD~~
~~ATTORNEY GENERAL~~


Mr. Wm. O. Harwell, Secretary          Opinion No. 2941
Upper Guadalupe River Authority
Kerrville, Texas                       Re: Expiration of the appro-
                                           priation made to Upper
Dear Sir:                                  Guadalupe River Authority.

      Your letter of Novermber 21, 1940, submitted the follow-
ing questions to this department:

      1. Will the appropriation made to the Upper Guadalupe
River Authority by House Bill 1081, 46th Legislature, expire
at the end of two years from the effective date of the act, or
not until the total sum has been expended?

      2. In the event the appropriation expired after the
passage of two years from its effective date, would the passage
of an appropriation by the Legislature for the unexpended a-
mount of the original appropriation be legal or would the ap-
propriation measure of necessity have to name the exact amount
of the appropriation?

      Section 1 and Section 1a of House Bill No. 1081, 46th
Legislature, reads as follows:

      "Section 1. There is hereby appropriated for
the use of the 'Upper Guadalupe River Authority'
out of any funds in the State Treasury not hereto-
fore otherwise appropriated, the sum of Five
Thousand ($5,000.00) Dollars, which may be with-
drawn from time to time on vouchers signed by the
Treasurer, or other duly authorized officer of
the district, upon which the State Comptroller shall
draw his warrant upon the Treasurer of the State of
Texas; said funds are to be used under the direction
and only with the consent of the Directors of the
Upper Guadalupe River Authority, a district created
by Senate Bill 303, Acts Regular Session, 46th Legis-
lature, and that the funds shall be used for the
uses and purposes set forth in said Act.

"Section 1a. The money herein appropriated is intended only as a loan to the Upper Guadalupe River Authority and is to be repaid to the General Revenue Fund of this State from the first revenue received by said district."

Article 8, Section 6, of the Constitution of the State of Texas provides:

"No money shall be drawn from the Treasury but in pursuance of specific appropriations made by law; nor shall any appropriation of money be made for a longer term than two years, . ."

House Bill No. 1081 makes an appropriation of Five Thousand ($5,000.) Dollars to the Authority to be used for the uses and purposes set forth in the Act creating the Authority, for which purposes such funds may be withdrawn from the Treasury from time to time on vouchers signed by the Treasurer or other duly authorized officer of the district. The fact that Section 1a of the Act provides that the Authority shall reimburse the General Revenue Fund of the State from the first revenues received by the said district, for the monies withdrawn from the General Revenue Fund of the State, under the appropriation, does not, in our opinion, take this appropriation out of the constitutional provision limiting appropriations to a two year period. You are therefore advised that the appropriation to the Authority will lapse at the end of two years from its effective date.

In reply to your second question, you are advised that an act reappropriating the unexpended balance of this appropriation to the Authority, without specifically stating the exact amount of that unexpended balance, would, in our opinion, be a sufficient compliance with the provision of the Constitution requiring appropriations to be "specific." That is, "specific" which is certain and definite; and, in law, that is certain which can be made certain. The reappropriation, of necessity would be limited by the Five Thousand Dollar limit of the original appropriation, and the exact amount in dollars and cents of the unexpended balance thereof would be readily ascertainable.

Yours very truly,

APPROVED DEC 11, 1940                ATTORNEY GENERAL OF TEXAS

/s/Gerald Mann                       By: /s/ Richard W. Fairchild
ATTORNEY GENERAL OF TEXAS                            Assistant

Approved by Opinion Committee
By BWB, Chairman

RWF;EP